The last case of the morning is American Family Mutual Insurance v. Mercedes Benz. For the appellant, Mr. Inman, and for the appellee, Mr. — I'm going to have to ask your — Evelich. Evelich. Thank you. You may proceed. Thank you, Your Honor. May it please the Court, I am Arthur Inman of Peoria for the Plaintiff Appellant for American Family Insurance. This is a case which arose from a destructive fire in a residence in Champaign, Illinois. A substantial part of the residence and also three automobiles were damaged in that fire. American Family, as the insurer for the homeowner and for the automobiles, paid the damages which were incurred in that fire and as a result were segregated to claims that the homeowner may have. American Family believes that the fire started as a result of a defect in a Mercedes Benz automobile which was parked in the garage as it happened between the other two vehicles and filed a complaint accordingly. The complaint was filed. A motion to dismiss was granted as to the five-count complaint. One of the five counts was dismissed with prejudice. The other four counts were dismissed without prejudice but with no specific time specified for repleting. An amended complaint was thereafter filed and a quick summary of the dates and chronology. The original complaint was filed July 3, 2008. A summons was not issued until sometime later and was served May 28, 2009. A motion to dismiss was filed July 10, 2009 and a hearing was held. The order entered on September 29, 2009. The amended complaint was thereafter filed more than 23 months later on September 21, 2011. A motion to dismiss filed December 20, 2011 and an order was entered on that motion to dismiss in February of 2000. What is the explanation for the delay? There is no explanation in the record and to venture towards an explanation I'd have to go outside. Well, if there is no explanation in the record isn't that fatal to your position? No. Okay. The trial court granted the motion to dismiss based on local rule 3.7. And again, there was no time set for repleting. There was no time limit or no time set for repleting. But the court granted the motion to dismiss based on local rule 3.7, which provides in relevant part, in all cases where no appeal is pending and no action of record for a period of 18 months, the court may summarily dismiss the cause of action. Now, in this case, of course, the court did not summarily dismiss the cause of action, but did dismiss the cause of action on motion. So the delay without explanation in the record places this in the matter of an area of the court's discretion. So that's why I say no to the court's question. Isn't it fatal? It is not. Well, one of the difficulties in this case is that we have nothing in the record to substantiate a reasonable explanation for the delay in setting the motion for hearing. That makes it kind of difficult to judge whether or not Judge Ford abused his discretion in dismissing the case. Well, I think the court's question assumes something that was involved in the Jackson case, which is really the only case involved to justify the exercise of discretion here. It wasn't a matter of failing to set the case for hearing, which was the case in Jackson. A motion was filed, and it was not set for hearing for a period of, I believe, 18 months. In this case, there was no motion pending, and there was nothing to be set for hearing. It was a waiting, a repleting of the four counts which were not dismissed with prejudice. So it's not a question of failing to set something for hearing where conditions were being altered or parties were doing something else in reliance on an action or on nothing happening. So there was nothing pending as in Jackson. It was a waiting action which took longer than it should have in forthcoming. Counsel, let me try to rephrase it. Without an explanation for the delay in the record, why would we say that no reasonable person could take the view adopted by the trial court? Well, the view adopted by the trial court, in fact, wasn't taken until there was a motion after a pleading had been filed. So I don't think the trial court— Was there a hearing on the motion? On the motion to dismiss? Yes, there was a hearing. Well, that's when the explanation for the delay, if reasonable, should have been offered so the trial court could hear it and then consider it. And then if there was a good reason, we might be in a position to say, well, the trial court did abuse its discretion. No reasonable person would have taken the view because of that reasonable explanation. We don't have that. So how do we say what the trial court did was a view that no reasonable person would have thought? Well, I think, again, the trial court didn't take it until it was suggested by the defense. But I think the absence of authority supporting what the trial court did, even with the record before this court, is an indication of an abuse of discretion. And when I say the absence of authority, I again emphasize that I don't think the Jackson case really provides any authority for the trial court's action. And I haven't seen any case, either in the trial court or cited to this court, that support the decision the trial court made. I don't see any case saying this is a reasonable exercise of discretion under the circumstances which are before this court. Albeit, I'd like to have more circumstances in the record. But with the circumstances that are before this court, there's no case that indicates this was a sound exercise of discretion. Now, as I suggest in distinguishing Jackson, it was decided under a different local court rule, and the delay was somewhat shorter. But the difference is that there, there were three children whose custody was in place for that 18 months, where arrangements had been made in terms of schooling, in terms of putting three children into a particular home and into particular surroundings. Parties had taken employment. Parties had relocated. None of that obtains in this case. So there is nothing in this record to substantiate or justify any prejudice to either party, and nothing to indicate positively that the court should take the action it did. So, again, I'm arguing in part from the absence of authority or case support or justification for the trial court's position. But I believe that absence indicates an unusual position taken with respect to this particular rule and to the application. And, again, going to the cases relied on by the appellee, Premier Electric says a local rule has the force of statute, but, again, the local rule does not mandate a dismissal. In the Premier Electric case, the local rule did not prevail because a summary judgment was granted without the 10-day delay required by the local rule, possibly in deference to the statutory requirements that a summary judgment can be heard with less than 10-day notice, although the court said it was not overruling the case. SC Vaughan involved a delay in setting a motion which had been filed but had a long history, a much longer history than the Instant case and an extended procedural history. In the VCM case, the appellee says that this dismissal was based on a mere violation of circuit rules regarding e-filing. However, the violation in that case was jurisdictional. It was as if a notice of appeal had been filed 35 days after a final appealable order. So there appears to be no authority supporting or justifying the court's use of discretion here. And so we come back to what Jackson itself says are overriding considerations in such a situation in the interest of justice, and is there prejudice? And I think to answer the second question first, there's no suggestion or indication of prejudice to the defendant, and I believe that there's no – well, the American family is effectively cut off from its day in court or at least from getting past the pleading stages and seeing what, if anything, might be raised by defense beyond the instant motion to dismiss or the first motion to dismiss, which actually disposed of one of the counts. So when we look at what Jackson calls the overriding considerations in ruling on a motion to dismiss and the fact that Jackson itself reached the conclusion it did under circumstances far different from the Instant case, there appears to be no authority for the trial court's decision. And so we request that the case be remanded for further proceedings, for further pleadings, or if appropriate, if the court deems appropriate, for a hearing possibly on the cause or delay. If the court has no other questions at this time, I'll – Thank you. The appellee. Good morning and Happy New Year to the courts. May it please the court, counsel. My name is Mario Ivulich. I represent the appellee Mercedes-Benz USA LLC, who I'll call Mercedes-Benz or MBUSA today. I am here today to ask that this court affirm the decision of the circuit courts and that it correctly apply its own local rule dismissing the appellant's medical complaint with prejudice. The circuit court does not refuse its discretion in this case. Both parties today agree that the standard of review here is abuse of discretion. The question today is not whether this court agrees with the decision that Judge Ford made, it's whether the circuit court somehow acted arbitrarily or exceeded the balance of reason in some way. Given the facts of this case, the circuit court did not act arbitrarily. Now, this case is an insurance subrogation case. I want to run through some dates with you. I know the appellant also did as well. This fire occurred on July 8, 2003. Almost five years later, on July 3, 2008, initial subrogation lawsuit was filed by the insurance carrier through two sets of attorneys, one in Peoria and one in Chicago. Over 20 months later, in May of 2009, was MBUSA first served with that complaint. The circuit court granted MBUSA a motion to dismiss in September of 2009. One of the accounts was dismissed with prejudice because it was time-barred. The other four accounts were dismissed without prejudice with leave to replete. As this court is well aware, 23 months passed before the appellant then files his amended complaint. Another three months passed until that amended complaint is first served on MBUSA. And now sitting here today, we are going on 10 years since the time that this fire occurred back in 2003. Under those set of facts and that timeline, the decision of the circuit court to apply its own local rule was certainly not in MBUSA's discretion. Those facts firmly support the dismissal of the amended complaint. This case is a stale and old lawsuit that the appellant has failed to reasonably prosecute. Now, local rule 3.7 allows the circuit court to summarily dismiss if there is no action of record for 23 months. And it can only redocket the case with good cause shown and leave of court. Here, there was clearly no activity for 23 months, well in excess of the 18 months provided by local rule 3.7. The circuit court did not summarily dismiss the case. It gave the appellant opportunity to be heard, to explain itself as to why it waited 23 months to file the amended complaint. There was briefing on the MBUSA motion to dismiss. There was a well-written order on that motion. There was briefing on the motion to reconsider. There was a written order on that motion as well. But the appellant never even attempted to show good cause. Never in the response to the motion to dismiss. Never in the motion to reconsider. Never in the reply to the motion to reconsider. Not in the initial appellant brief before this court. Not in the reply brief. Not even today has the appellant shown any good cause. In fact, when Justice Turner asked counsel what is the explanation, there was still nothing provided. In answer to Justice Turner's question whether that lack of explanation is fatal, we believe it is for two reasons. First, without any explanation as to why the appellant waited 23 months to file the amended complaint, there is no way that this court can decide whether the circuit court did abuse its discretion to dismiss the amended complaint. There's no way. And second, in order to have the case redocketed, the appellant must show good cause. The circuit court shall not redock it unless good cause is shown. Without any explanation as to why the appellant waited 23 months to file that complaint, the circuit court cannot redocket the case. That's by the plain language of Rule 3.7. So I answer yes. The lack of any explanation as to why there was that delay, that is fatal, the appellant's claim here. The appellant appears to claim that because there was no deadline in the written order dismissing the initial complaint that it had some kind of indefinite time to file the amended complaint. Well, Rule 3.7 provides a default deadline, 18 months to do something to advance your case. Judge Ford recognized that. Here, nothing was done for 23 months. Because nothing was done for 23 months, the circuit court acted within its discretion to dismiss the amended complaint. Especially considering the timeline that I went through. Especially considering the fact that there was no explanation whatsoever for that delay. And especially considering that the circuit court gave the appellant ample due process to be heard, to explain why it's been a complaint should stand and why the case should move forward. I want to briefly touch on the Jackson case, which was discussed by the appellant. Jackson is entirely on point here. And here's the reason why. Jackson also dealt with a local rule that provided the circuit court with discretion to do something. Exactly what Local Rule 3.7 in this case is all about. Both rules provide that the circuit court may do something if something happens. The court in Jackson recognized that the equities perhaps favored vacating the default judgment. But because the local rule was not followed, it still did not grant the relief requested by the appellant. I also want to talk about the prejudice that the appellant discussed briefly today. Prejudice has nothing to do with Rule 3.7. There's nothing in the rule that requires Mercedes-Benz to show that it was not prejudiced by the application of that rule. The rule is quite simple. Nothing comes within 18 months. The court may dismiss the case, may not redact it unless a good cause is shown. Prejudice is not a part of that equation. Local rules have the effect of law and are ignored at a litigant's peril. Local Rule 3.7 gave the appellant ample notice of an 18-month deadline, but that deadline, that rule was ignored. The circuit court gave the appellant ample opportunity to explain itself, to be heard before dismissing the medical complaint with prejudice. Local rules like Rule 3.7 are necessary for circuit courts to manage their own dockets, to ensure that their cases are handled efficiently. Substantial justice also includes justice to the circuit courts, fairness to the parties and to the courts. And that substantial justice would be best served by this court affirming the trial court decision. Just as the court in Jackson commended the circuit court for promulgating local rules, and commended the trial judge in that case for standing by a local rule and implementing it in that case, this court should likewise find that the circuit court correctly applied its own local rule, and it should affirm the decision of that court. For all those reasons, we respectfully ask that this court affirm the decision of the trial court and dismiss the medical complaint with prejudice.  Thank you. Rebuttal. Thank you. Briefly, I'd like to speak to the Jackson case, which I think is the principal point of reliance by the defense, and which we contend does not support the court's decision. In both cases, counsel is correct, there was a local rule suggesting that the trial court could do something. Now, the difference between the two cases is not, well, is not the point of the two cases. In Jackson, it's not the violation of the local rule, but what happened during the time that the local rule was not followed. As we mentioned, in Jackson, three children were established in one home rather than another. A party, well, both parties had actually relocated. Employment had changed. The, to grant the motion of the appellant in that case would be to upset all of those considerations. In the instant case, none of those kinds of intervening events occurred. Jackson simply does not justify or substantiate the court's decision in the instant case. Now, counsel suggested that Jackson had... Well, Mr. Ingram, if I agree with you that Jackson really doesn't fit this situation, we're still left with the rule itself, are we not? Yes, and the rule says the court may. Which the court did. Yeah, yeah. And then we're back to whether this is an abuse of discretion. And Jackson itself says, is justice being done between the parties? And Jackson also looks to prejudice. So the case that the defense relies on actually suggests that the considerations raised by the plaintiff appellant do obtain in this case, even though the theory or the holding of Jackson, based as it is on the facts specific to that case, do not support the trial court's exercise of discretion in the instant case. So, for these reasons, the plaintiff appellant respectfully urges the court to reverse the decision of the trial court, remand for further proceedings or for a further hearing. Thank you. Thank you. We will take this matter under advisement and stand in recess until 1 o'clock.